PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELE GRANDON, | ) | |
| | ) | CASE NO.  4:22CV1069 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

An Administrative Law Judge ("ALJ") denied Plaintiff Michele Grandon's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing in the above-captioned case.  That decision became the final determination of the Commissioner of Social Security when the Appeals Council denied the request to review the ALJ's decision.  The claimant sought judicial review of the Commissioner's decision, and the Court referred the case to Magistrate Judge Thomas M. Parker for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1).  After both parties filed briefs, the magistrate judge submitted a Report & Recommendation (ECF No. 10) reasoning that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence and was made pursuant to proper legal standards.  The magistrate judge recommends the Commissioner's decision denying benefits be affirmed.  For the reasons given below, the undersigned agrees.

(4:22CV1069)

# I.

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b).  Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g).  The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ.  *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).  Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would decide the matter differently.  *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)).  Moreover, the decision must be affirmed even if substantial

(4:22CV1069)

evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id.*TYU\ting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). However, in determinin whether substantial evidence supports the ALJ's findings in the instant matter, the court must examine the record as a whole and take into account what fairly detracts from its weight. *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007); *Cabrera v. Comm'r of Soc. Sec.*, No. 1:20CV1947, 2022 WL 782607, at *2 (N.D. Ohio March 15, 2022).

**II.**

The Court has reviewed the Report & Recommendation (ECF No. 10) *de novo*. The Court has also considered Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 11) and Defendant's Response (ECF No. 12). Plaintiff requests that

3

(4:22CV1069)

the Court reverse the ALJ's decision or, in the alternative, remand the case to the Commissioner for further proceedings.

Plaintiff claims she was disabled due the following impairments:  (i) a learning disability; (ii) a birth deformity in her left elbow; (iii) bulging discs; (iv) anxiety; and (v) migraine headaches.  The magistrate judge recommends that the Court affirm the final decision of the Commissioner denying Plaintiffs' applications for DIB and SSI; and deny Plaintiff's requests for remand based on (1) the ALJ's analysis of the Listing 12.06B criteria, (2) the ALJ's alleged failure to evaluate Listing 12.05B, and (3) the ALJ's residual functional capacity ("RFC") determination that Plaintiff could perform work at the light exertion level.  After carefully reviewing the law, the parties' arguments, and the evidence of record, the Court concludes that the ALJ correctly assessed the proffered evidence and correctly applied the law to that evidence.

### III.

### A.

Plaintiff's objects to the reliance by the ALJ and the magistrate judge on Plaintiff's part-time employment as evidence both that Plaintiff's cognitive and mental health impairments caused only "moderate" limitations at Step Three of the sequential evaluation process and that Plaintiff's impairments would not cause unacceptable levels of time off-task or absenteeism.  Plaintiff's argument is lacking in merit for three reasons.  First, an ALJ may consider evidence that Plaintiff worked during the period under consideration as evidence that is inconsistent with allegations of disability, even when the work was part-time or not at the level of substantial gainful activity.  *See Miller v Comm'r of Soc. Sec.*, 524 Fed.Appx. 191, 194 (6th Cir. 2013)

4

(4:22CV1069)

(holding that "the ALJ did not err by considering [claimant's] ability to maintain part-time employment as one factor relevant to the determination of whether he was disabled"); *see also* *Mendiola v. Soc. Sec. Admin.*, No. 3:15-cv-00995, 2016 WL 5800470, at *4 (M.D. Tenn. Sept. 30, 2016) ("Moreover, an individual's work during a period of his alleged disability is a relevant and permissible consideration." (citing *Miller*, 524 Fed.Appx. at 194)); 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

Second, the magistrate judge explained that Plaintiff's alleged inability to keep up at the job and termination of work because of her symptoms speaks to the consistency of her allegations against the record as a whole, and the ALJ found that Plaintiff's allegations were not entirely consistent with the medical and non-medical evidence.  *See* ECF No. 10 at PageID #: 1306.  Despite finding Plaintiff's allegations not entirely consistent with the record, the ALJ still assigned a fairly restrictive mental RFC to Plaintiff.  *See* Transcript (ECF No. 6) at PageID #: 50. Such a restrictive RFC finding accounts for the mental limitations supported by the record and the record does not warrant limitations beyond those.

Finally, the ALJ did not rely solely on Plaintiff's part-time employment in concluding that the record did not support Plaintiff's allegations of disability.  The ALJ cited several other factors supporting the conclusion that Plaintiff's allegations about her mental health were not entirely consistent with the record.  *See* ECF No. 6 at PageID #: 52-55 (objective medical evidence that was inconsistent with Plaintiff's subjective allegations, the conservative nature of

5

(4:22CV1069)

the treatment Plaintiff received, and medical opinion evidence).  Plaintiff, however, does not make any arguments in her Objections regarding these additional factors.

**B.**

Next, Plaintiff objects to the magistrate judge's finding that Plaintiff inaccurately portrayed the medical record.  Citing to a note from a psychological evaluation by J. Joseph Konieczny, Ph.D., a consultative examiner, that Plaintiff reported to him that "[s]he performs her own shopping tasks and manages her own finances," the magistrate judge found no evidence that Plaintiff has never been able to manage her own finances.  *See* ECF No. 10 at PageID #: 1305 (citing ECF No. 6 at PageID #: 568).  Plaintiff argues that to the extent she may have subjectively reported to the psychologist that she handled her own financial affairs, the claim would appear to warrant a degree of skepticism, as it is unclear exactly what financial affairs could be managed without shopping on her own and without any accounts with which to save money, write checks, or pay by credit card for any purchases, bills or other expenses.

In addition, Plaintiff objects to the magistrate judge's finding that Plaintiff's assertions that she was unable to be employed without vocational assistance are inaccurate.  *See* ECF No. 10 at PageID #: 1305.  Plaintiff argues that her post-secondary transition team did not deem her to be fit for competitive employment without vocational services.  The team said she required these services in order to be employable.  In other words, in their view, she was incapable of working eight hours per day, five days per week, without assistance.  According to Plaintiff, this evidence supports a finding that she would be off-task and or absent from work beyond customary tolerances for competitive employability.

6

(4:22CV1069)

Plaintiff's objection, however, is too insubstantial to change the recommended result in the case at bar, which is supported for several other reasons.  As noted by the magistrate judge, the statement from Plaintiff's post-secondary education team at issue would not be relevant to her proposed off-task behavior or absenteeism.  *See* ECF No. 10 at PageID #: 1306.  The ALJ also gave other reasons to support her findings, including her evaluation of the opinion evidence and assessment of the consistency of Plaintiff's allegations.  *See* ECF No. 6 at PageID #: 50-56.

**IV.**

Accordingly, Plaintiff's Objections (ECF No. 11) are overruled.  The Report & Recommendation (ECF No. 10) is adopted.  The decision of the Commissioner of Social Security is affirmed.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


        June 16, 2023                          */s/ Benita Y. Pearson*
Date                                         Benita Y. Pearson
                                             United States District Judge

7